FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEORC
**19-C-03901-**
5/31/2019 8:47 A


CLERK OF STATE CO

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WILBORN DYCUS,<br><br>            Plaintiff,<br><br>vs.<br><br>MUSIC CITY PRODUCTIONS, INC,<br>FEDERAL INSURANCE COMPANY and<br>NOEL PAUL EASON<br><br>            Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. ___19-C-03901-S6___ |

## COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff WILBORN DYCUS and files this complaint against MUSIC CITY PRODUCTIONS, INC., FEDERAL INSURANCE COMPANY and NOEL PAUL EASON and shows the court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court.

2.

Defendant Music City Productions, Inc. is a domestic for profit corporation operating under the laws of Tennessee with its principle place of business in Tennessee and may be served by delivering a copy of the complaint and summons to its Registered Agent CT Corporation, 300 Montvue Road, Knoxville, Tennessee 37919 and is subject to the jurisdiction of this court.



3.

Defendant Federal Insurance Company is a corporation existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046, and is subject to the jurisdiction of this Court.

4.

Defendant Noel Paul Eason (hereinafter, "Defendant Eason") resides at 14 Mattox Road, Lawrenceburg, Tennessee 38464, and may be served with a copy of the summons and complaint at this residence.

5.

Jurisdiction is proper in this Court.

6.

Venue is proper in this Court.

## BACKGROUND

7.

Upon information and belief, Defendant Eason was driving a tractor trailer in the furtherance of his employment with Music City Productions, Inc.

8.

Defendant Eason was driving a 2005 Freightliner with VIN Number 1FVACXDJ65HU47890.

9.

Defendant Eason lost the drive shaft of his tractor trailer due to negligent maintenance, inspection and negligent dispatch.

10.

At the time of the subject incident, Defendant Eason and/or Music City Productions, Inc. negligently failed to properly maintain its tractor trailer.

11.

On June 5, 2017 at approximately 2:31 p.m., Plaintiff was on the side of the roadway on I-75 northbound in Ringgold, Catoosa County, Georgia.

12.

At about that same time, a 2015 Ford Transit 15 passenger van with trailer in tow was attempting to navigate thru the debris field of the collisions caused by the defendants' dropped drive shaft and struck plaintiff.

## COUNT I – NEGLIGENCE

13.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Music City Productions, Inc. and/or Defendant Eason was negligent in the operation of his tractor trailer in failing to properly maintain his vehicle.

15.

Defendant Music City Productions, Inc. and/or Defendant Eason was negligent in failing to properly inspect his power unit.

16.

Defendant Music City Productions, Inc. and/or Defendant Eason was negligent in operating an unsafe, improperly equipped tractor trailer.

17.

Defendant Music City Productions, Inc.'s and/or Defendant Eason's negligence is the sole and proximate cause of the collision and the injuries suffered by plaintiff.

## COUNT II – IMPUTED LIABILITY

18.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Upon information and belief, at the time of the subject collision, Defendant Eason was under dispatch for Defendant Music City Productions, Inc.

20.

Upon information and belief, at the time of the subject collision, Defendant Eason was operating his commercial motor vehicle on behalf of Defendant Music City Productions, Inc.

21.

Upon information and belief, Defendant Music City Productions, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant

Eason in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

22.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant Music City Productions, Inc. was negligent in hiring Defendant Eason and entrusting him to drive a tractor-trailer.

24.

Defendant Music City Productions, Inc. was negligent in failing to properly train Defendant Eason.

25.

Defendant Music City Productions, Inc. was negligent in failing to properly supervise Defendant Eason.

26.

Defendant Music City Productions, Inc.'s negligence in hiring Defendant Eason and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision and the injuries suffered by Plaintiff.

## COUNT IV – DIRECT ACTION

27.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant Federal Insurance Company is subject to a direct action as the insurer for Defendant Music City Productions, Inc. pursuant to O.C.G.A. § 40-2-140.

29.

Defendant Federal Insurance Company was the insurer of Defendant Music City Productions, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

30.

Defendant Federal Insurance Company and Defendant Music City Productions, Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

31.

Defendant Federal Insurance Company is responsible for any judgment rendered against Defendant Music City Productions, Inc.

## COUNT V – DAMAGES

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries in this collision including numerous broken bones that have now required surgery.

34.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and lost wages.

35.

As a result of Defendants' negligence, Plaintiff has a claim for past and future pain and suffering.

## COUNT VI – PUNITIVE DAMAGES

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover for past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future mental and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiff recover such other and further relief as is just and proper.

This 31st day of May, 2019.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG LLC**

*/s/ Brian D. Rogers*
BRIAN D. "BUCK" ROGERS
GEORGIA STATE BAR NUMBER 612105

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E.
SUITE 1500
ATLANTA, GEORGIA 30326
PHONE: 404-216-5978
FAX: 404-274-6248
buck@frg-law.com